HIRAM L. SPARROW, ADMR. *v.* VERMONT SAVINGS BANK.

May Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 19, 1920.

*Order for Return of Impounded Document Delivered by Mistake.*

Where certain papers were impounded by the Court, and the counsel of one of the parties was given permission to inspect and have copies of a certain specified number thereof, and it appears that by mistake he was given a copy of a document not included in the list, it is ordered that he surrender all copies of the document traceable to the mistake, and that he make no use of the information obtained from the same.

MOTION to require plaintiff's counsel to return an impounded document delivered to him by mistake.

*H. C. Shurtleff* for the plaintiff.

*Harvey, Maurice, Whitney & Fitts* and *J. Ward Carver* for the defendant.

PER CURIAM.   The defendant in the above entitled cause has filed therein a motion asking us to release and return to it certain papers heretofore impounded by our order, and to require the plaintiff's counsel to surrender a copy of one of those papers alleged to have been improperly and wrongfully obtained by him.   This motion has been duly heard and considered.

At the last November term of this Court, the plaintiff applied for an order to impound certain papers then in the defend-

ant's possession, claiming that they were exhibits in the case and necessary to a proper preparation of his case for hearing in this Court. When this application was heard, the defendant brought into Court all the papers referred to, but counsel were unable to agree as to which of these were, in fact, exhibits in the case. All the papers were then ordered impounded and sealed, and the seal was not to be broken or the papers shown to plaintiff's counsel until it was ascertained which of them were exhibits, when a further order was to be made. Under this order, the papers were deposited with and sealed by the clerk, and it was arranged that counsel should apply to Mrs. Laird, the official reporter, for a list of the papers offered and excluded and an exception saved or used as exhibits, which list, when furnished, should determine the fact. This was done; the reporter's list was obtained and the Court so notified. Whereupon we directed the clerk to exhibit to plaintiff's counsel the papers called for by this list, but no others.

Counsel appeared before the clerk with this list in hand, the sealed package was produced and opened, and counsel checked up the papers called for by the reporter's list, and copies thereof for the use of plaintiff's counsel were arranged for. Included in this package was a paper purporting to be a memorandum of testimony taken before a Federal grand jury. This was not included in the reporter's list, and therefore was not embraced in our order granting the privilege of inspection to plaintiff's counsel; he was not entitled to see it or have a copy of it. On the contrary, our direction was, in effect, that he should not see it. Nevertheless, by some mistake, he was furnished a copy of this paper by the clerk, and has given a copy of it to Judge Howe, of the Federal Court, and proposes and intends to make use of it in the further prosecution of the suit, though he then knew and now knows, or ought to, that it came to his hands contrary to and in violation of our order.

In these circumstances, it is our plain duty to interfere. This paper was in the hands of the Court, under an order unmistakable in terms, and the plaintiff should not, and will not, be allowed to make use of it or of information gained from it.

*It is therefore ordered that the plaintiff's counsel shall forthwith surrender to this Court the copy of the paper referred to, which he now has in his possession, and that as soon as may*

*be he shall obtain and in like manner surrender the copy furnished to Judge Howe and any other copy traceable to the mistake above referred to, and that he make no use of the information obtained as above until further order of this Court.*

*And it is further ordered that all of the papers not covered by the reporter's list as aforesaid shall be returned to the defendant or its counsel.*

*Nothing herein is to prejudice the plaintiff's rights under his exceptions in the case.*